UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| HOWARD HICKMAN, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:19-CV-454 |
| | ) | 3:05-CR-128 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION

Before the Court is Howard Hickman's ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 279] and his *pro se* motion to amend/revise his 2255 motion to vacate [Doc. 2].[1] The United States has responded in opposition. [Doc. 3]. Petitioner did not file a reply, and the time for doing so has passed. *See* Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 279] will be **DENIED**, and Petitioner's motion to amend/revise [Doc. 2] will be **DENIED as moot**.

## I. BACKGROUND

In January 2006, Petitioner and seven co-defendants were charged in a six-count superseding indictment pertaining to conspiracy, production, and distribution of 500 grams

---

[1] Document numbers not otherwise specified refer to the civil docket.

or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance and related gun charges. [Crim. Doc. 55]. Petitioner was named in three counts. *See id.*

The United States a filed a Notice of Enhancement on January 11, 2006, for enhancement based on Petitioner's prior felony drug convictions. [Crim. Doc. 57]. On April 26, 2006, Petitioner entered into a plea agreement with the government. [Crim. Doc. 115]. Petitioner agreed to plead guilty to Count One – conspiracy to distribute or possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846, and Count Four – knowingly possessing in an affecting commerce firearms after having been convicted of a felony in violation of 18 US.C. § 922(g)(1). [*See id.*] The plea agreement was signed by Petitioner and attorney Theodore R. Kern.

With the Plea Agreement, the parties filed an Agreed Factual Basis [Crim. Doc. 116]. In it, Petitioner stipulated that during 2003, he conspired with others to manufacture, distribute and possess with intent to distribute 500 grams or more of methamphetamine, a Schedule II controlled substance. Further, that on June 19, 2003 a search, pursuant to a search warrant, of Petitioner's residence, which is within the Eastern District of Tennessee, revealed 89 blister packs of pseudoephedrine, coffee filters, scales for weighing methamphetamine and a powder substance that tested positive for methamphetamine. Petitioner stipulated that these items are used in the

2

manufacture and distribution of methamphetamine and were possessed in furtherance of the conspiracy charged in Count One of the Superseding Indictment.

For the purposes of Petitioner's guideline calculations, the parties agreed: (1) that Petitioner was directly and personally responsible for at least 500 grams, but less than 1.5 kilograms of a mixture and substance containing a detectable amount of methamphetamine; (2) that on or about June 19, 2003, Petitioner did possess a firearm, that is, a Charter Arms .38 caliber pistol and a RG .22 caliber pistol which had been previously transported in interstate commerce; and (3) that Petitioner had, prior to June 19, 2003, been convicted of two felony offenses for which the punishment term exceeded one year, namely: September 3, 1993 - Case No. 50412, Criminal Court for Knox County, Tennessee, Sale of Marijuana and October 21, 1993 - Case No. 50411, Criminal Court for Knox County, Tennessee, Sale of Schedule IV Drugs - Diazepam and Pentazocione.

The Court conducted a change of plea hearing on April 26, 2006. At the hearing, the Court confirmed that Petitioner was competent to plead guilty and that he indeed wished to do so. [Crim Doc. 183]. The Court also confirmed: that Petitioner had been afforded ample time to discuss the case with his attorney; that he believed that his attorney was fully aware of all the facts on which the charges were based; that counsel had explained the meaning of any words Petitioner might not have understood; that counsel had explained the terms of Petitioner's plea agreement to him; and that Petitioner understood that his

3

sentence would be determined *by the Court*. [*Id*.]. Further, at the hearing, the United States stated it had filed a notice of enhancement for the prior felony drug offense convictions and advised Petitioner he would be designated as a career offender, raising his minimum mandatory sentence. [Crim. Doc. 183, p. 8]. Petitioner stated that he heard and agreed to the statement of the United States regarding the offense conduct and potential sentence and continued to plead guilty to both Count 1 and Count 4. [*Id*. at p. 9].

The presentence investigation report ("PSR"), which was obtained by the Court through the Probation Office and attached as Exhibit A to this memorandum, calculated a total offense level of 34 and criminal history category of VI, resulting in a guideline range of 262 to 327 months. [Ex. A, ¶ 99]. As to Count 1, the penalty is enhanced to a minimum term of 20 years imprisonment to a maximum term of life. [*Id*. at ¶ 98]. As to Count 4, the authorized term of imprisonment is not less than 15 years and up to life. [*Id*.]. The PSR also noted that, pursuant to the Plea Agreement, Count 5 of the Superseding Indictment would likely be dismissed at sentencing and that a motion for downward was possible as Petitioner had a cooperation agreement. [*Id*. at ¶ 102].

The government filed a notice of no objections to the PSR. [Crim. Doc. 159]. Petitioner, through counsel, also filed a notice of no objections to the PSR. [Crim. Doc. 164]. Petitioner, through counsel, filed a motion to withdraw guilty plea [Crim. Doc. 178] on January 3, 2007, and his attorney filed a motion to withdraw as attorney [Crim Doc. 180]. A hearing was held, and the Court denied Petitioner's motion to withdraw his guilty

4

plea, granted his attorney's motion to withdraw, and referred the appointment of a new attorney to the Magistrate Judge as Petitioner did not wish to have the attorney the Court suggested at the hearing represent him. [Crim. Docs. 187 and 215].

On April 16, 2007, the Court held an evidentiary sentencing hearing and sentenced Petitioner to a total of 230 months' imprisonment as to each count, to run concurrently. [Crim. Docs. 194, p. 3 and 199, p. 14]. Petitioner, through counsel, filed a direct appeal [Crim. Doc. 195].[2] The United States Court of Appeals issued an opinion on March 27, 2009, affirming the judgment against Petitioner, finding that Petitioner's two prior drug convictions counted as two separate crimes and were properly calculated in his career offender calculation. [Crim. Doc. 219] The Court of Appeals also determined that Petitioner's Armed Career Criminal status was lower than his career offender status level and resolution of Petitioner's claim on whether the Court's determination was improper would not affect Petitioner's sentence and declined to address the claim on the merits, instead rejecting the claim as moot. [*Id.*]. On June 16, 2016, Petitioner filed this § 2255 motion and sought authorization to file a second/successive. § 2255 motion. [Crim. Doc. 279]. The Court of Appeals found Petitioner's motion unnecessary and transferred the motion to the Court on January 11, 2017. [Crim. Doc. 283]. Per the Court of Appeals order, the motion was refiled as a motion to amend [Doc. 2] on November 8, 2019.

---

[2] Petitioner, acting *pro se*, also filed a separate notice of appeal [Crim Doc. 199], which was dismissed by the United States Court of Appeals as duplicative and untimely filed. [Crim. Doc. 202].

5

## II. STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). In order to obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

6

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III. ANALYSIS

7

As an initial matter, Petitioner raises only one claim in this § 2255 motion: that Petitioner was improperly categorized as an Armed Career Criminal. [Doc. 1; Crim. Doc. 249]. Petitioner argues that his two prior drug convictions were improperly divided in the PSR as two wholly separate charges even though they were adjudicated on the same day. [*Id.*]. He also argues that as his burglary convictions were adjudicated on the same day and occurred over 30 years ago, they should have been disqualified as being used as a predicate offense. [*Id.*]. Petitioner contends that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), his sentence is unconstitutional as his sentence was based on the now unconstitutional residual clause in the Armed Career Criminal Act. [*Id.*].

### A. Collateral Attack Waiver

As set forth in paragraph 15 in the plea agreement [Crim. Doc. 115], Petitioner waived his right to file a motion to vacate, except as to claims of ineffective assistance and prosecutorial misconduct. It is well recognized that a party may waive a provision intended for his benefit in a contract or statute. *Shutte v. Thompson*, 82 U.S. 151 (1872). Even fundamental constitutional rights may be waived, and the waiver is enforceable if it is made knowingly and voluntarily. "[A] defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *accord Davila v. United States*, 258 F.3d 448, 450-52 (6th Cir. 2001); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). Therefore, if Petitioner understood the terms of the plea agreement and made the waiver of his right to file a §

8

2255 motion voluntarily and knowingly, the waiver is valid and enforceable. The Sixth Circuit has held that the same is true even where that waiver prevents a petitioner from challenging his base offense level or career offender enhancement based on *Johnson*. *See In re Garner*, No. 16-1655, 2016 WL 6471761, at *1-2 (6th Cir. Nov. 2, 2016); see also *Smith v. United States*, No. 215CR41RLJMCLC1, 2017 WL 1043542, at *5 (E.D. Tenn. Mar. 16, 2017).

Here, there is little doubt that Petitioner knowingly and voluntarily entered into this waiver provision in his plea agreement. Based on the transcript of the plea hearing, the Court verified, in testimony under oath by Petitioner, that he had read the plea agreement or that the plea agreement had been read to him, that he discussed the plea agreement with counsel and understood all its provisions, that he had read specifically paragraph 15, containing the waiver provision or that it had been read to him, and that he had had fully discussed the waiver provision with his attorney. [Crim. Doc. 183]. The claims raised by Petitioner in this motion do not fall within the limited category of claims where he retained a right to file a § 2255 motion, and his claims will be **DENIED** as barred by the waiver provision.

### *B. Merits*

Even if Petitioner had not waived his right to file a § 2255 petition in the plea agreement, Petitioner still would not be entitled to relief on the merits of his claim. The Court notes that Petitioner's prior burglary convictions which would classify him as an

9

Armed Career Criminal were not discovered until the PSR was completed. At the hearing on Petitioner's motion to withdraw his guilty plea based on the 30-year old burglary convictions [Crim. Docs. 178 & 179], the Court specifically advised Petitioner that the Court would not consider those additional convictions in his sentencing, so they would not affect Petitioner's sentence at all. [Crim. Doc. 215, pp. 2-3]. Further, the Court of Appeals determined that the offense level associated with Petitioner's armed career criminal status was lower than the level associated with Petitioner's status as a career offender and played no role in the Guideline range used to calculate Petitioner's sentence. [Crim. Doc. 219].

Thus, even if Petitioner's prior burglary convictions were improperly applied to establish Petitioner as an armed career criminal, Petitioner has not shown prejudice as this designation had no bearing on his sentence as he was sentenced under the career-offender designation. *See Reed*, 512 U.S. at 353; *Jones v. United States*, No. 18-5629, 2018 WL 6718615, at *1 (6th Cir. Sept. 19, 2018) (finding that *Johnson* did not apply because Jones was not sentenced under the Armed Career Criminal Act); *Beckles v. United States*, 137 S. Ct. 886, 894 (2017) (holding that the sentencing guidelines are "not amendable to vagueness challenges").

Regarding Petitioner's claim that his two prior drug offenses were incorrectly calculated, that claim is not a *Johnson* claim and is therefore untimely and unreviewable.

Accordingly, for the reasons above, Petitioner's claim [Doc. 1; Crim Doc. 279] will be **DENIED**.

10

### C. *Motion to Amend/Revise [Doc. 2]*

Petitioner, acting *pro se*, filed a motion to file a second or successive § 2255 motion [Doc. 2], which was converted to a motion to amend pursuant to the United States Court of Appeals Order [Doc. 4]. Leave to amend shall be given freely when justice so requires. Fed. R. Civ. P. 15. Rule 15(a) provides in part that a "party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served ...." Courts have interpreted Rule 15(a) as setting forth a "liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987); *see also Anderson v. United States*, 39 F. App'x 132, 136 (6th Cir. 2002). However, in this instance, the § 2255 petition [Doc. 1] and the motion to amend [Doc. 2] are identical, thus granting the motion to amend would be futile. Therefore, the Court will **DENY** the motion [Doc. 2] **as moot**.

## IV. CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 279] will be **DENIED** and **DISMISSED**, and Petitioner's motion to amend [Doc. 2] will be **DENIED as moot**.

## V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must

11

"engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge